

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 27, 2018

**BY ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

      Re:    *United States v. Julio Palermo*, 18 Cr. 598 (DLC)

Dear Judge Cote:

      The defendant in the above-captioned case is scheduled to be sentenced on November 30, 2018. The Government respectfully submits this letter in connection with that sentencing. As set forth in the Presentence Investigation Report ("PSR"), the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range applicable to this defendant is seventy to eighty-seven months' imprisonment. (PSR at 19). The Probation Office recommends a sentence of thirty-five months' imprisonment. (PSR at 20). For the reasons set forth below, the Government submits that the Court should impose a sentence within the Guidelines range of seventy to eighty-seven months' imprisonment.

      **I.**      **Offense Conduct**

      On April 25, 2018, officers of the New York City Police Department were on patrol in the Bronx when they heard what they believed to be a firearm discharging a short distance away. (PSR ¶ 6). Upon approaching the area, they observed Mr. Palermo attempting to place a firearm into his waistband. *Id.*  Palermo, after being told to stop by the officers, ran from them and tossed the firearm over a nearby fence. (PSR ¶ 8). Once arrested, Palermo spontaneously told the officers that the firearm could be found over the fence and it was then later recovered by members of the NYPD. (PSR ¶¶ 9-10)

      Once transported back to the precinct, NYPD officers Mirandized and interviewed the defendant. (PSR ¶ 11). During the videotaped interview, the defendant admitted that he discharged the firearm and had tossed it over the fence. (PSR ¶ 11).

      The defendant has been in custody since his arrest on April 25, 2018.

Hon. Honorable Denise L. Cote
November 27, 2018
Page 2 of 4

### II. The Defendant's Plea and Applicable Guidelines Range

On August 17, 2018, the defendant pled guilty to the Information, which charged him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

In the PSR, finalized on November 9, 2018, the Probation Office conducted a Guidelines calculation and concluded that the defendant's applicable Guidelines range was seventy to eighty-seven months' imprisonment. (PSR at 19). The Probation Office recommended a sentence of thirty-five months' imprisonment, to be followed by a three-year term of supervised release (PSR at 20).

### III. Applicable Law

Although the Guidelines are no longer mandatory, they provide strong and relevant guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"—that range "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). As the Second Circuit has remarked *en banc*, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice." *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). The Guidelines' relevance throughout the sentencing process stems in part from the fact that, while they are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *see also Rita*, 551 U.S. at 349.

After making the initial Guidelines calculation, a sentencing judge must then consider the seven factors outlined in Title 18, United States Code, Section 3553(a), including, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, including:

>    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    (B)    to afford adequate deterrence to criminal conduct;

Hon. Honorable Denise L. Cote
November 27, 2018
Page 3 of 4

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). To the extent the District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Cavera*, 550 F.3d at 189 (quoting *Gall*, 552 U.S. at 50).

 **IV.**  **Discussion**

  In light of the nature and circumstances of the instant offense, as well as the history and characteristics of the defendant, the Government respectfully submits that a sentence within the advisory Guidelines range of seventy to eighty-seven months' imprisonment would be a fair and appropriate sentence in this case.

  Three of the factors set forth in 18 U.S.C. § 3553(a) are particularly relevant here, and weigh in favor of a sentence within the applicable Guidelines range:

- <u>First</u>, a Guidelines sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

- <u>Second</u>, a Guidelines sentence is necessary to afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(B).

- <u>Third</u>, to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(C).

  As to the first of those factors, the defendant's offense conduct was serious. Firearms possession poses grave dangers to the community and to those who would interact with the defendant. The importance of protecting the public from such crimes cannot be overstated. Further, the danger was heightened because the defendant did not merely possess the firearm, he discharged it in a public place. The dangerousness of such conduct is self-evident.

  Second, the defendant's criminal history in conjunction with the nature of the instant offense counsels in favor of a Guidelines sentence in order to afford adequate deterrence and protect the public from the defendant's further crimes. The defendant has an extensive track record involving the sale and possession of controlled substances. From 1994 to 2017, the

Hon. Honorable Denise L. Cote
November 27, 2018
Page 4 of 4

defendant was convicted four times for offenses in connection with controlled substances. Although the Government does not doubt the seriousness of the defendant's addiction, that addiction has led to erratic and violent behavior. The defendant was convicted of attempted armed robbery in 2002 and fighting officers while resisting arrest in 2016. (PSR ¶¶ 7-10). In the instant case, the defendant obtained and discharged a firearm before running from law enforcement. Given the defendant's admission to having recently injected heroin prior to his arrest (PSR ¶ 11), his firearms possession was particularly disconcerting. Indeed, his five prior convictions seem not to have deterred him from returning to abusing controlled substances or refraining from criminal behavior.

### V. Conclusion

The Government respectfully submits that a Guidelines sentence would be fair and appropriate, and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing in this case.

                                                  Respectfully submitted,

                                                  GEOFFREY S. BERMAN
                                                  United States Attorney

By: _____
                                                  Kyle A. Wirshba
                                                  Assistant United States Attorney
                                                  (212) 637-2493

cc:      Defense counsel (via ECF)