```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
              -v-                      :       18 Cr. 598 (DLC)
                                       :
JULIO PALERMO,                         :       ORDER
                                       :
              Defendant.               :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

Julio Palermo pleaded guilty on August 17, 2018 to one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). On November 30, this Court sentenced Palermo to a below-guidelines sentence of 48 months' imprisonment. He is currently incarcerated at Federal Correctional Institution Allenwood Medium. He is fifty years old and the Bureau of Prisons projects that he will be released on September 20, 2021.

On September 21, 2020, Palermo made a request of his warden for compassionate release, which his warden denied on October 6. Palermo, proceeding pro se, petitioned this Court on November 10 for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The Government filed its response opposing Palermo's petition on

---

[1] Palermo's motion is not dated, but it was received and docketed by this Chambers on November 10.

December 4.  On January 3, 2021, Palermo, now represented by counsel, filed a reply in further support of his petition.

The Government does not dispute that Palermo has exhausted his administrative remedies.  If a petitioner has exhausted administrative remedies, the Court may reduce the petitioner's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Court of Appeals for the Second Circuit has explained that, under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, district courts are tasked with "independently . . . determin[ing] what reasons, for purposes of compassionate release, are extraordinary and compelling."  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  In addition to assessing whether there are "extraordinary and compelling" reasons for a reduction, a court must also consider the sentencing factors set forth at 18 U.S.C. § 3553 before granting a sentence reduction.

Palermo's petition is denied.  Palermo's petition is based primarily on two underlying medical conditions and their alleged relationship to an increased risk of COVID-19, but these conditions are not extraordinary and compelling circumstances warranting early release.  Palermo suffers from a serious health condition for which he is currently receiving treatment.

Guidance from the Centers for Disease Control and Prevention establishes that individuals who are effectively treated for this condition are not at increased risk of complications from COVID-19.  He also claims a skin condition as a basis for early release, but there is no indication that this condition increases the risk of COVID-19 complications.  In reply, Palermo's attorney cites for the first time Palermo's obesity as a medical condition warranting early release.[2]

Even if Palermo had demonstrated extraordinary and compelling circumstances, the § 3553(a) factors weigh against release.  As noted at sentencing, Palermo has a significant criminal history, including a conviction for attempted robbery with a knife.  Given that criminal history, Palermo's offense called for a significant prison sentence, and Palermo's guidelines range was 70 to 87 months' imprisonment.  Nevertheless, Palermo was given a below-guidelines sentence of 48 months.  Palermo has not shown that the § 3553(a) factors call for a further reduction of sentence.  Accordingly, it is hereby

---

[2] Defense counsel also complains that the Government did not address this issue, but Palermo's petition did not mention this issue.

ORDERED that the November 10 petition for compassionate release pursuant to § 3582(c)(1)(A) is denied.

SO ORDERED:

Dated:   New York, New York
         January 11, 2020

                                      _____
                                              DENISE COTE
                                      United States District Judge